IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| KEVIN R. MULACK, ) | |
| ) | |
| Plaintiff; ) | |
| ) | |
| vs. ) | |
| ) | 5:12-cv-0016-LSC |
| CAROLYN COLVIN, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OF OPINION

I.    Introduction

The plaintiff, Kevin R. Mulack, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his applications for a period of disability and disability insurance benefits ("DIB"). Mr. Mulack timely pursued and exhausted his administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Mr. Mulack claims he became disabled on September 15, 2003, due to migraines, hiatal hernia, fibromyalgia, blood disorder, anemia in bone marrow, seizures, and memory loss. (Tr. at 60–61.) More specifically, he described his

"primary problem[s]" as symptoms of fibromyalgia—"constant" pain in his neck, back, upper arms, spine, and head. (*Id.* at 545–47.) Mr. Mulack alleges that his disability ended on September 18, 2006, when he returned to work. (*Id.* at 761–62.) Thus, he now seeks payments for a closed period of disability from September 15, 2003, to September 18, 2006.

Mr. Mulack filed his application for DIB on July 28, 2004. (Tr. at 42.) On June 6, 2006, the ALJ issued a decision denying Mr. Mulack's application for benefits. (*Id.* at 13.) The ALJ's decision was at least partially based on his finding that Mr. Mulack did not suffer from a severe mental impairment. (*Id.* at 17.) After exhausting his administrative remedies, Mr. Mulack filed a civil action in this Court for judicial review of the ALJ's determination. After due consideration, this Court found that "[t]he ALJ's conclusion that the plaintiff does not suffer from a severe mental impairment is unreasonable and is not supported by substantial evidence in the record." (*Id.* at 648.) Accordingly, the Court remanded the matter for further development of the record. Specifically, the Court instructed that Mr. Mulack's physical and mental disabilities should be considered in combination when determining whether he was disabled. (*Id.* at 649.)

Mr. Mulack was twenty-one years old when he allegedly became disabled, and

twenty-four when his disability allegedly ended. He was twenty-eight years old at the time of the Administrative Law Judge's ("ALJ's") decision on remand. He has a high school education and has completed one year of college. (Tr. at 56, 68.) His past work experiences include employment as an air conditioner assembler, a restaurant shift manager and cook, and a customer service manager. (*Id.* at 56, 61, 82, 93.)

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he or she is, the claimant is not disabled and the evaluation stops. *Id.* If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled. *Id.* The decision depends on the medical evidence in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, which is a determination of whether

the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant's impairments fall within this category, he or she will be found disabled without further consideration. *Id.* If they do not, a determination of the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step. 20 C.F.R. § 404.1520(e), 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops. *Id.* If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step. *Id.* Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work. 20 C.F.R. §§ 404.1520(a)(4)(v) 416.920(a)(4)(v). If the claimant can do other work, the claimant is not disabled. *Id.*

Applying the sequential evaluation process on remand, the ALJ found that Mr. Mulack met the insured status requirements of the Social Security Act through December 31, 2011. (Tr. at 631.) He further determined that Mr. Mulack did not

engage in substantial gainful activity during the closed period from September 15, 2003, through September 18, 2006. (*Id.*) According to the ALJ, Plaintiff's fibromyalgia, headaches, gastroesophageal reflux disease, obesity, hypogammaglobulinemia, type II bipolar disorder, and psychological factors contributing to his general medical condition, are considered "severe" based on the requirements set forth in the regulations. (*Id.* at 632.) However, he found that these impairments neither meet nor medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*) The ALJ did not find Mr. Mulack's allegations to be totally credible, noting that he saw at least one physician for "the sole purpose" of "obtain[ing] a favorable assessment to support his claim for disability benefits," "travel[ing] 80 miles each way." (*Id.* at 637.) The ALJ also determined that, from September 15, 2003, through September 18, 2006, Plaintiff

> had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except that he should not have been exposed to the extremes of heat or cold; that he should not have climbed ladders, ropes, or scaffolds; that he should not have worked around dangerous moving unguarded machinery or around unprotected heights; and that, as a result of any psychological problems, he was limited to unskilled work only with no greater than occasional contact and interactions with co-workers, supervisors, and the general public.

(*Id.* at 633.)

According to the ALJ, from September 15, 2003, through September 18, 2006,

Mr. Mulack was unable to perform any of his past relevant work, he was a "younger individual," and he had "at least a high school education," as those terms are defined by the regulations. (*Id.* at 638.) Based on these findings, a vocational expert testified that a hypothetical individual with Plaintiff's age, education, work experience, and RFC from September 15, 2003, through September 18, 2006, would have been capable of successfully adjusting to other work that existed in significant numbers in the national economy. (*Id.* at 639.) In light of this testimony, the ALJ concluded his findings by stating that Plaintiff "was not under a disability, as defined in the Social Security Act, from September 15, 2003 through September 18, 2006." (*Id.*)

II.   Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts,

weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.   Discussion

Mr. Mulack alleges that the ALJ's decision should be reversed and remanded because the ALJ's RFC findings are not based on substantial evidence. Specifically, Mr. Mulack contends that the ALJ failed, on remand, to follow this Court's order to

consider the combined mental and physical aspects of his claim. (Doc. 7 at 8.)

In his first decision, the ALJ's conclusion that Mr. Mulack was not disabled was based, at least in part, on his determination that Mr. Mulack did not suffer from a severe mental impairment. (Tr. at 17–18.) On appeal, this Court took issue with the ALJ's dismissive evaluation of Mr. Mulack's mental condition, citing the ALJ's failure to develop the record with respect to Mr. Mulack's alleged mental impairments. Specifically, the Court stated that the ALJ should have developed the record by obtaining relevant treatment notes from Dr. Majorie McMaster, a psychiatrist who evaluated Mr. Mulack in May 2004, and ordering a consultative psychological evaluation. (*Id.* at 648.)

On remand, the ALJ heeded this Court's instruction, and obtained Dr. McMaster's treatment notes and ordered a consultive evaluation.[1] Based on the additional evidence, the ALJ reached a different conclusion with respect to the severity of Mr. Mulack's impairments, finding that Mr. Mulack's type II bipolar disorder and psychological factors contributing to his general medical condition were

---

[1] The ALJ was correct in asserting that the consultive examination is "somewhat moot." (Tr. at 632.) When this Court issued its ruling in 2009 instructing the ALJ to order a consultive examination, it was operating under the assumption that Mr. Mulack was still disabled. However, by the time the ALJ considered Mr. Mulack's application on remand, Mr. Mulack had returned to work and conceded that he was no longer suffering from a disability. Accordingly, the consultive examination was of little help as the examiner, Dr. Dhaliwal, was unable to evaluate Mr. Mulack while he was suffering from the alleged mental impairment.

indeed severe impairments. (Tr. at 631.) However, after considering the testimony of a vocational expert, the ALJ found that these impairments did not restrict Mr. Mulack's ability to engage in unskilled work which existed in significant numbers in the national economy. (*Id.* at 638–39.) Based on this finding, the ALJ once again concluded that, despite Mr. Mulack's severe mental impairments, he was not under a disability as defined in the Social Security Act. (*Id.* at 639.)

The ALJ is responsible for assessing the medical evidence and determining the plaintiff's RFC. *See* 20 C.F.R. § 404.1546; *Walker v. Bowen*, 826 F.2d 996, 1000 n.1 (11th Cir. 1987). The Court should affirm an ALJ's decision "if it is supported by substantial evidence and the correct legal standards were applied." *Kelley v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999). Even if the Court disagrees with the ALJ's resolution of the factual issues, the ALJ's decision must be affirmed where it is supported by substantial evidence in the record as a whole. *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).

After due consideration, the Court finds that the ALJ's RFC finding is supported by substantial evidence. The ALJ determined that Mr. Mulack was capable of performing sedentary work, except that he should not have climbed ladders, worked around dangerous moving unguarded machinery, or been exposed to extreme

temperatures. (Tr. at 633.) Further, the ALJ determined that Mr. Mulack's psychological condition limited him to unskilled work with no greater than occasional contact and interactions with co-workers, supervisors, and the general public. (*Id.*) In reaching these conclusions, the ALJ considered the objective medical evidence of at least 13 physicians: Drs. McMaster, Glicksteen, Woodruff, Royse, Waples, LaGanke, Spera, Lavin, Phillips, Collins, Dinerman, Cromeans, and Dhaliwal. (Tr. at 632–37.) The ALJ also considered evidence regarding Mr. Mulack's reported activities during the relevant time period. These evidentiary items included information pertaining to Mr. Mulack's physical impairments, as well as his mental impairments, and were more than sufficient to support the ALJ's ultimate conclusion that Mr. Mulack was capable of performing unskilled work.

"Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 404.1568(a). Unskilled work merely involves understanding, remembering, and carrying out simple instructions; making simple work-related decisions; dealing with changes in a routine work setting; and responding appropriately to supervision, co-workers, and ususal work situations. *See* S.S.R. 96-9P, at 9. Additionally, "[t]hese jobs ordinarily involve dealing primarily with objects, rather than with data or people, and they generally

provide substantial vocational opportunity for persons with solely mental impairments who retain the capacity to meet the intellectual and emotional demands of such jobs on a sustained basis." S.S.R. 85-15, at 4.

There are several examples of medical evidence in the record supporting the ALJ's finding that Mr. Mulack's mental impairment did not prevent him from performing restricted unskilled labor. The ALJ considered that although Plaintiff complained of memory problems when he was examined by Dr. Bryan Woodruff in May 2004, Dr. Woodruff noted that he was able to remember numerous accurate details of recent national and international news events. (Tr. at 232, 632.) The ALJ also considered the treatment records of Dr. John Royce, M.D., which indicate that Mr. Mulack's depression improved after he was prescribed anti-depression medication in July 2004. (Tr. at 295–299, 632.) The ALJ also discussed the treatment notes of Dr. McMaster, who advised Mr. Mulack to find a local psychiatrist and establish care. (*Id.* at 632, 686.) As the ALJ noted, Mr. Mulack failed to follow this recommendation and never established psychiatric care. (*Id.* at 632.) Finally, the ALJ discussed Mr. Mulack's meeting with Dr. John Waples in November 2004, where Mr. Mulack denied loss of interest, depression, or anxiety. (*Id.* at 402, 632.) Further, as the ALJ pointed out, Mr. Mulack did not seek further treatment for any complaints of

mental problems after November 2004. (*Id.* at 402, 632.) Each of these items of evidence supports the ALJ's conclusion that Mr. Mulack was capable of performing unskilled work as defined in the regulations.

In addition to the objective medical evidence, the ALJ also considered evidence regarding Mr. Mulack's physical activities during the relevant period, and found that such activities were consistent with the ability to perform unskilled work. (Tr. at 633.) As noted by the ALJ, Mr. Mulack reported that he spent two hours playing on the computer, helped his wife with housework, went shopping with his wife, attended meetings at the volunteer fire department, and photographed fire scenes. (*Id.* at 106, 108–110, 113, 560–562, 633.) Additionally, Mr. Mulack told Dr. LaGanke in June 2005 that he had been spending his time fishing and selling items on ebay. (*Id.* at 534, 633.)

Mr. Mulack argues that other evidence in the record, such as the assessment of Dr. Joe Cromeans, demonstrates a more severe disability than found by the ALJ. Dr. Cromeans conducted a one-time evaluation of Mr. Mulack on March 1, 2006 (Tr. at 494, 546), and subsequently issued a letter to Mr. Mulack's attorney stating that Mr. Mulack's "diagnosis is severe fibromyalgia, bulging disc in the neck . . . and frequent severe migraine headaches. . . . I would say that he is totally disabled and probably will be for the foreseeable future." (*Id.* at 495.)

As an initial matter, the Court must be mindful that opinions regarding whether a claimant is disabled, the claimant's residual functional capacity, and the application of vocational factors "are not medical opinions, . . . but are, instead, opinions on issues reserved for the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." 20 C.F.R. §§ 404.1527(e), 416.927(d). Such statements by a physician are relevant to the ALJ's findings, but they are not determinative, as it is the ALJ who bears the responsibility for assessing a claimant's residual functional capacity. *See, e.g.*, 20 C.F.R. § 404.1546(c).

Accordingly, it was entirely proper for the ALJ to reject Dr. Cromeans's opinion that Mr. Mulack was disabled and unable to hold a meaningful job because this question was reserved for the Commissioner. The ALJ has the responsibility of determining whether a plaintiff was able to work, and therefore, Dr. Cromeans's opinion regarding the issue was not entitled to special significance or controlling weight. *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

Furthermore, an ALJ "may reject the opinion of any physician when the evidence supports a contrary conclusion," provided, however, he "state[s] with particularity the weight he gives to different medical opinions and the reasons why."

*McCloud v. Barnart*, 166 Fed. App'x 410, 418–19 (11th Cir. 2006). The ALJ acted appropriately, and within his discretion, in determining that Dr. Cromeans's assessment "is not entitled to any evidentiary weight." (Tr. at 637.) In discrediting Dr. Cromeans's assessment, the ALJ explained that Mr. Mulack traveled "80 miles each way" for the single visit with Dr. Cromeans (*id.* at 637), specifically for the purpose of having Dr. Cromeans complete disability forms that "[n]one of [Mr. Mulack's] treating physicians would complete." (*Id.* at 546.) Further, he described Dr. Cromeans's opinion as "based solely on [Mr. Mulack's] subjective statements" and "wholly unsupported by numerous objective tests and the opinions of other physcians." (*Id.* at 637.) The ALJ then went on to provide a detailed list of the objective medical evidence which conflicted with Dr. Cromeans's assessment.

The Court is required to give deference to factual findings made by the ALJ. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991). Further, the Court "will not disturb the Commissioner's decision if, in light of the record as a whole, it appears to be supported by substantial evidence." *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). Even if the Court disagrees with the ALJ's resolution of the factual issues, the ALJ's decision must be affirmed where it is supported by substantial evidence in the record as a whole. *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).

In view of the foregoing analysis, the Court finds that substantial evidence supports the ALJ's determination that Mr. Mulack was capable of engaging in unskilled work with no greater than occasional contact and interactions with co-workers, supervisors, and the general public.

IV.   Conclusion

Upon review of the administrative record, and considering all of Mr. Mulack's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

Done this <u>19th</u> day of <u>March 2013</u>.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
[160704]